KAUS, P. J.
I respectfully dissent.
The taxpayer’s position reminds me of the well-known passage in Alice Through the Looking-Glass, quoted below.[1] The essence of its *695 position is, as the state so aptly puts it, that because it designated a couple of storage rooms as its principal office in California, it was entitled to a refund on real property taxes paid on property in which the two storage rooms disappeared as two grains of sand on a beach.
I see little profit in matching precedents defining “home office” or “principal office” in other statutory contexts. I also accept, as I apparently must, that the taxes on the entire parcel of property on which the principal office was located were deductible, even though the property itself was used almost entirely for other purposes. I simply feel that in justice and common sense, the two storage rooms described in paragraph 9 (b) of the stipulation in which the functions listed in paragraph 10 were performed, were—under all the other circumstances recited in the stipulation—not the taxpayer’s principal office in this state.
A petition for a rehearing was denied July 16, 1979. Kaus, P. J., was of the opinion that the petition should be granted. Appellant’s petition for a hearing by the Supreme Court was denied October 11, 1979.

‘ I don’t know what you mean by “glory,” ’ Alice said. Humpty Dumpty smiled contemptuously. ‘Of course you don’t—till I tell you. I meant “there’s a nice knock-down argument for you.” ’ ‘But “glory” doesn’t mean “a nice knock-down argument,” ’ Alice objected. ‘When I use a word,’ Humpty Dumpty said, in a rather scornful tone, ‘it means *695 just what I choose it to mean—neither more nor less.’ ‘The question is,’ said Alice, ‘whether you can make words mean so many different things.’ ‘The question is,’ said Humpty Dumpty, ‘which is to be master—that’s all.’ ”